UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLGA DESPOTIS TRUST, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:12CV02369 AGF |
| THE CINCINNATI INSURANCE COMPANY, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This is an action under Missouri's Vexatious Refusal to Pay Statute, Mo. Rev. Stat. §§ 375.296 and 375. 420, arising out of a property insurance claim for tornado damage filed by Plaintiff, the Olga Despotis Trust, against Defendant Cincinnati Insurance Company. Now before the Court is Plaintiff's motion to compel discovery responses to Plaintiff's First Set of Interrogatories and Second Request for Production of Documents.  (Doc. No. 15.)  In addition, Defendant moves to compel responses to its Second Interrogatories, Second Request for Production of Documents and also seeks further response to Plaintiff's Supplemental Answers and Objections to Defendant's First Interrogatories and Plaintiff's Supplemental Responses and Objections to Defendant's First Request for Production of Documents.  (Doc. No. 19.)

## Applicable Law

In the discovery context, a party may move for an order compelling disclosure if the opposing party fails to answer an interrogatory or request for production.  *See* Fed. R. Civ. P.

37(a)(1). "[A] an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose answer, or respond." *See* Fed. R. Civ. P. 37(4).

Under Federal Rule of Civil Procedure 26(b)(1) litigants may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The information sought to be discovered need not be admissible at trial, but must be relevant, that is, "reasonably calculated to lead to the discovery of admissible evidence." *Id*. Despite the apparently broad scope of discovery under the Federal Rules of Civil Procedure, courts have discretion to limit the scope of discovery and in particular "to confine discovery to the claims and defenses asserted in the pleadings." Fed. R. Civ. P. 26(b) (1), Advisory Committee's Notes to the 2000 Amendments to Rule 26(b)(1); *see also Heller v. HRB Tax Grp., Inc*., 287 F.R.D. 483, 485 (E.D. Mo. 2012) (holding that in making determinations under Rule 26(b)(1) courts must consider, as a threshold matter, whether the information sought is relevant to the claim or defense at suit).

In addition, under Local Rule 37-3.04, parties are required to meet and confer regarding all discovery disputes before the filing of a motion to compel. With respect to these motions, the pleadings and exhibits attached thereto reflect each party's compliance with the Local Rule 37-3.04.

### Plaintiff's Motion to Compel

I. Defendant's Interrogatories No. 1-6

In these interrogatories Plaintiff seeks both the facts and legal theories underlying Defendant's affirmative defenses. Defendant objects and the Court agrees that a request to provide the opposing party with the legal basis of a defense is a proper initial disclosure

under Rule 26 (a), subject to supplementation under Rule 26(e) as appropriate, but not a further topic for discovery under Rule 33.

The record reflects, however, that in the course of the parties' discussion of these issues, Plaintiff agreed to narrow its requests and to seek only the facts and not the legal theories underlying the affirmative defenses. *See* Doc. 19-4 p. 2 ¶3; Doc. No. 19-5. Therefore, the Court will order Defendant to provide Plaintiff with all factual information relating to its claimed affirmative defenses.  Defendant will not be required to provide information regarding the legal bases for its defenses.

II. Requests for Production No. 1-7

Plaintiff requests that Defendant produce documents "which support" its affirmative defenses.  The Court agrees with Defendant's assertion that this request is vague and fails to distinguish between the factual and legal bases for the defenses. Therefore the Court will require Defendant to produce only those documents relative to the facts underlying its affirmative defenses.

III. Interrogatories No. 7-13

In Interrogatories 7-12, Plaintiff seeks information regarding "claims made" and "claims paid" by Defendant for "tornado related property damage" in Missouri from 2005 to 2011.  Interrogatory 13 seeks information regarding all lawsuits filed against Defendant from January 1, 2008 to the present that alleged a "vexatious refusal to pay."  Plaintiff asserts that this information is relevant to establish Defendant's "course of conduct" regarding claims payment in the time period before and after the loss.  Defendant responds that the information sought is not likely to lead to evidence admissible under Missouri law and that the authority Plaintiff cites in support of its position is inapposite.

Defendant correctly states that under Missouri law only the facts and circumstances of the claim at issue, and not the insurer's reputation or treatment of distinct, albeit similar, claims are to be considered with respect to a claim of vexatious refusal to pay. *See Morris v. J.C. Penney Life Ins. Co.*, 895 S.W.2d 73, 76 (Mo. Ct. App. 1995) (holding that "[t]he test is . . . how the facts appeared at the time of the refusal to pay); *see also Zackwik v. Hanover Fire Ins. Co.*, 225 S.W. 135,138 (Mo. Ct. App. 1920) (holding that the insurer's general "reputation for fairness and prompt payment" is not in issue). Although information that is ultimately inadmissible may be deemed discoverable, in this case the Court cannot say that the information Plaintiff seeks is even calculated to lead to the discovery of admissible evidence. Therefore, Defendant's objections to these interrogatories are proper and Plaintiff's motion to compel responses to Interrogatories No. 7-13 will be denied.

IV. Requests for Production No. 8 and 9

Plaintiff's Requests for Production of Documents No. 8 and 9 seek "all guidelines, manuals, policies and procedures in effect between December 31, 2010 and May 18, 2011, and all documents which relate to Defendant's training for claim adjustment." Defendant objects to these requests as overbroad, noting that it conducts many types of insurance activities and that the policies and training procedure relative to many of its lines of business are not relevant to Plaintiff's claim regarding nonpayment of a claim for tornado damage.

To the extent that these discovery requests seek policies and training materials related to Defendant's claims adjustment activities in areas other than property damage, the Court agrees that the requests are overbroad and denies Plaintiff's motion to compel production of the relevant documents. Defendant is ordered, however, to respond to these requests by

providing all of the described materials pertinent to the processing and payment of property damage claims.

## Defendant's Motion to Compel

I. <u>Defendant's Second Interrogatories and Requests for Production</u>

In these discovery requests Defendant seeks information and documents regarding each piece of property owned by the plaintiff since the formation of the trust including its location, date of purchase, the purchase price and the identity of the seller and the nature of the financing arrangement pertinent to the sale.  Plaintiff objects to these requests as irrelevant and beyond the scope of discovery.

Considering the scope of Plaintiff's vexatious refusal claim and its relationship to a single property owned by Plaintiff, the Court believes that the request for information regarding all other properties owned by the Defendant is overbroad and that such information is not likely to lead to the discovery of admissible evidence.  The Court therefore denies this portion of Defendant's motion to compel.

II. <u>Defendant's Interrogatory No. 12.</u>

Defendant seeks detailed information regarding the attorney's fees incurred by Plaintiff in this matter.  Specifically, Defendant requests that Plaintiff provide the names of all counsel, the date each attorney or firm was contacted, detailed descriptions and documentation of all services provided, the amount of time incurred, the amounts charged and paid for services and a "stat[ment] why such services were performed. . . ."  Def. Interrog. No. 12.

Here Plaintiff prays for, and may recover, reasonable attorney's fees under the Vexatious Refusal to Pay Statute.  And in response to this interrogatory, Plaintiff has agreed

to provide a summary of the attorney's fees it has incurred thus far in this suit.  Nonetheless, Defendant asserts that a summary is insufficient and that the level of detail in its discovery request is necessary because the question of fees may not be submitted to the court or the jury unless there is evidence of the reasonable value of those fees.

The Court finds this argument unpersuasive.  At this juncture, the Court's concern is not with the amount or adequacy of the evidence but whether the information requested is likely to lead to the production of admissible evidence.  Although certain of the information sought is appropriate, the Court cannot agree that the level of detail set forth in Defendant's interrogatory is necessary or proper.  Requiring Plaintiff to "state why [certain legal] services were performed" is not only duplicative of Defendant's request for a description of the services provided but also likely to implicate information subject to the work product and attorney client privileges.  Therefore, the Court will require Plaintiff to provide the information requested in Interrogatory No.12, except that Plaintiff need not explain why a particular legal service was provided.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel (Doc. No. 15) is **GRANTED in part** and **DENIED in part** as follows:

a. **On or before January 24, 2014**, Defendant shall respond to Plaintiff's Interrogatories No. 1-6, providing all factual information underlying Defendant's claimed affirmative defenses.  Defendant is not required to produce information related to the legal bases or theories underlying its affirmative defenses.

b. **On or before January 24, 2014**, Defendant shall respond to Plaintiff's Requests for Production No. 1-7, providing all documents relevant to the facts underlying

Defendant's claimed affirmative defenses.  Defendant is not required to provide documents supporting the legal bases for its affirmative defenses.

      c. Plaintiff's motion to compel response to Plaintiff's Interrogatories No. 7-13 is denied.

      d. **Not later than seven (7) days from the date of this Order**, Defendant shall respond to Plaintiff's Requests for Production No. 8 and 9, providing only the described materials pertinent to the processing and payment of property damage claims.

**IT IS FURTHER ORDERED** that Defendant's motion to compel (Doc. No. 19) is **GRANTED in part** and **DENIED in part** as follows:

      a. Defendant's motion to compel responses to its Second Interrogatories and Requests for Production is denied.

      b. **Not later than seven (7) days from the date of this Order**, Plaintiff shall respond in full to Defendant's Interrogatory No. 12 except that Plaintiff shall not be required to "state why such services were performed."

                                            */s/ Audrey G. Fleissig*
                                            AUDREY G. FLEISSIG
                                            UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2014.