UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLGA DESPOTIS TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12CV02369 AGF |
| | ) |
| THE CINCINNATI INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff, the Olga Despotis Trust, brings this action for breach of contract and vexatious refusal to pay a property insurance claim under a policy issued by Defendant Cincinnati Insurance Company. Now before the Court is Plaintiff's Second Motion to Compel and request for *in camera* review. The parties have briefed the motion and the record reflects their compliance with the "meet and confer" requirement of Local Rule 37-3.04. For the reasons set forth below, the Court grants Plaintiff's request for *in camera* review of the disputed documents and reserves its ruling on Plaintiff's Second Motion to Compel pending that review.

### BACKGROUND

On April 5, 2011, Plaintiff first notified Defendant that it intended to pursue this matter in litigation and sent Defendant a "Confidential Settlement Offer" demanding payment in excess of the policy limits. *See* Doc. Nos. 35-2 & 35-3. Thereafter, on December 21, 2012, Plaintiff filed suit. During the course of discovery and in response

to Plaintiff's Request for Production of Documents, Defendant asserted the attorney-client privilege with respect to documents bearing Bates Nos. 541, 542, 545, and 546. Defendant then produced redacted versions of these documents and at Plaintiff's request, a Privilege Log justifying the redactions. *See* Doc. Nos. 34-1 & 34-2.

On March 14, 2014, without first consulting Defendant's counsel, Plaintiff filed a motion to compel asserting that the Privilege Log was inadequate. After receipt of that motion, Defendant's counsel contacted Plaintiff's counsel to ask why there had been no attempt to resolve the issue before the filing of the motion. *See* Doc. No. 35-1. As a result of that conversation, on March 16, 2014, Defendant's counsel e-mailed Plaintiff's counsel a more detailed explanation for each of the redactions. Defendant asserted that the redactions referred to communications between Defendant's employees regarding referral of the claim to counsel around the time that Plaintiff first indicated its intention to litigate. *See* Doc. No. 34-3.

The Court denied Plaintiff's March 14, 2014 motion to compel for failure to comply with Local Rule 37-3.04(A). *See* Doc. No. 32. Plaintiff then filed the present motion again seeking to compel the disclosure of the redactions in the "log notes" entered in Defendant's claim file on or about April 6, 2011 and April 8, 2011 and bearing Bates Nos. CIC 541, 542, 545, and 546.

**I. <u>Arguments of the Parties</u>**

In support of its motion, Plaintiff asserts that the Privilege Log fails to satisfy the requirements of Fed. R. Civ. P. 26(b)(5)(A) and that, as a result, Defendant has waived its claim of attorney-client privilege with respect to the documents. In the alternative, citing

the importance of the documents to its claim of vexatious refusal to pay, Plaintiff asks the Court to review the documents to assess the validity of Defendant's assertion of the attorney-client privilege. Finally, Plaintiff notes that Defendant has also asserted that the work product doctrine applies with respect to Doc. No. 541. Plaintiff therefore argues that the Court should compel full disclosure of Doc. No. 541 on the ground that Plaintiff has a substantial need for it in light of Plaintiff's claim of vexatious refusal to pay.

Defendant responds that the redacted portions of the notes are subject to the attorney-client privilege and in some cases, the work product doctrine because they reflect internal discussions regarding its decision to retain or consult counsel after Plaintiff indicated their intention to litigate the unpaid claim. In addition, Defendant asserts that when coupled with the information found in the un-redacted portions of the notes, the Privilege Log is sufficient to justify the redactions and that no further disclosure should be required. Defendant also points to the additional information it provided to Plaintiff in its March 16, 2014 e-mail to bolster its assertion that it has fully established the basis for the redactions. *See* Doc. No. 34-3. In the alternative, Defendant asserts that even if the Privilege Log were deemed deficient, that deficiency would not amount to a waiver of its claim of attorney-client privilege.

## APPLICABLE LAW

### I. The Attorney-Client Privilege

Under Federal Rule of Civil Procedure 26(b)(1) litigants may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. Pro. 26(b)(1). Missouri law governs the existence and scope of the attorney-

client privilege in this diversity action. Fed. R. Evid. 501; *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). In Missouri, the common law attorney-client privilege has been statutorily codified, Mo. Rev. Stat. § 491.060(3),[1] and the privilege "protects 'any professionally-oriented communication between attorney and client regardless of whether it is made in anticipation of litigation or for preparation for trial.'" *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, No. 4:05 CV 1934 DDN, 2012 WL 1389708, at *7 (E.D. Mo. Apr. 23, 2012) (quoting *State ex rel. Tillman v. Copeland*, 271 S.W.3d 42, 45 (Mo. Ct. App. 2008)).

The privilege does not attach unless the communication involves the attorney and the client and is made to obtain legal advice. *Tillman*, 271 S.W.3d at 45; *see also United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012). "The attorney-client privilege prohibits 'the discovery of confidential communications, oral or written, between an attorney and his client with reference to . . . litigation *pending or contemplated*.'" *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 547 (Mo. Ct. App. 2008) (quoting *State ex rel. Terminal R.R. Ass'n of St. Louis v. Flynn*, 363 Mo. 1065, 257 S.W.2d 69, 73 (Mo. banc 1953)) (emphasis supplied). However, merely including counsel among the recipients of

---

[1] The statute provides:

> The following persons shall be incompetent to testify:
> . . .
> (3) An attorney, concerning any communication made to the attorney by such attorney's client in that relation, or such attorney's advice thereon, without the consent of such client . . . .

Mo. Rev. Stat. § 491.060 (3).

a document does not bring the document within the ambit of the attorney-client privilege; the document must be shared in furtherance of the client's solicitation of legal advice. *See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 609 (8th Cir.1977) (explaining that "the mere receipt of routine reports by the corporation's counsel will not make the communication privileged" and that such communications are "made for independent reasons"); *Monsanto Co. & Monsanto Tech. LLC v. E.I. Du Pont de Nemours & Co.*, No. 4:09 CV 686 ERW, 2011 WL 4408184, at *2 (E.D. Mo. Sept. 22, 2011) (noting that the "attorney-client privilege does not cover client communications that relate only business or technical data, where the client is not sharing that information in order to solicit legal advice" (internal citation omitted)).

Absent voluntary waiver, materials subject to the attorney-client privilege are not discoverable; even if the opposing party can show a substantial need for them and establish that it would suffer undue hardship in acquiring their substantial equivalent. *Lloyd's Acceptance Corp.*, 2012 WL 1389708, at *7 (citing *May Dept. Stores Co. v. Ryan*, 699 S.W.2d 134, 136 (Mo. Ct. App.1985) (holding that "any professionally oriented communication between attorney and client is absolutely privileged, in the absence of waiver, regardless of the anticipation of litigation")).

## II. Discovery and Claims for Vexatious Refusal to Pay

Pleading vexatious refusal to pay may, but does not automatically create a substantial need for an insurer's internal documents. *Lloyd's Acceptance Corp.*, 2012 WL 1389708, at *7 (citing *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 977 (7th Cir. 1996)). However, where, as here, an insured raises a bad faith claim against an

insurer, and the insurer makes a claim of privilege, an *in camera* examination is appropriate to verify the validity of the insured's claim of attorney client privilege. *Id.*; *Henderlong v. Allstate Ins. Co.*, No. 08-CV-01377, 2009 WL 82493, at *2 (D. Colo. Jan. 13, 2009), *Bishelli v. State Farm Mut. Auto. Ins. Co.*, No. 07-CV-00385, 2008 WL 280850, at *2 (D. Colo. Jan. 31, 2008). Because that privilege stands as a complete bar to a plaintiff's ability to obtain the document, the Court should satisfy itself that the claim of attorney-client privilege is proper. *Lloyd's Acceptance Corp.*, 2012 WL 1389708, at *7.

## **DISCUSSION**

Upon review of the parties' briefs and exhibits, the Court has determined to withhold its ruling on the motion to compel pending *in camera review* of the disputed documents. The record before the Court leaves some doubt as to the propriety of Defendant's claim of attorney-client privilege with respect to the redacted portions of the documents. Communications among a client's agents or employees about pending litigation are not, without more, subject to the attorney client privilege. *See Monsanto Co. & Monsanto Tech. LLC,* 2011 WL 4408184, at *2. The communication must involve an attorney and its purpose must be to obtain legal advice. *Tillman*, 271 S.W.3d at 45.

As noted above, a conclusion that the redactions are subject to the attorney-client privilege renders them non-discoverable even in an action for vexatious refusal to pay. However, if the claim of privilege is improper, even if the documents are subject to protection under the work product doctrine, they would be discoverable upon a showing of substantial need. *See* Fed. R. Civ. P. 26(b)(3); *see also Baker*, 209 F.3d at 1054

(stating that a party may not ordinarily discover documents prepared in anticipation of litigation by an opposing party unless the party seeking discovery has a substantial need for the materials and cannot, without undue hardship, obtain the substantial equivalent of the materials by other means).  For this reason, and because the redactions may indeed be relevant to Plaintiff's claims, the Court concludes that *in camera* review of the documents is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **Wednesday, June 18, 2014**, Defendant shall provide the Court with unredacted versions of the documents bearing Bates Nos. 541, 542, 545 and 546.  All documents submitted for *in camera* review shall be submitted in hard copy directly to Chambers.  The Court withholds its ruling on Plaintiff's Second Motion to Compel (Doc. No. 33) pending *in camera* review of the disputed documents.

                                                      */s/ Audrey G. Fleissig*
                                                      AUDREY G. FLEISSIG
                                                      UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2014.