UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OLGA DESPOTIS TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV02369 AGF |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff, the Olga Despotis Trust, brings this action for breach of contract and vexatious refusal to pay claim under a property insurance policy issued by Defendant The Cincinnati Insurance Company. Pursuant to the Plaintiff's request, the Court ordered Defendant to produce un-redacted versions of certain documents for the Court's review in conjunction with Plaintiff's Second Motion to Compel.[1] Upon review of the documents and for the reasons set forth below, Plaintiff's Second Motion to Compel will be granted.

## BACKGROUND

In response to Plaintiff's request for production, Defendant produced redacted versions of documents bearing Bates Nos. CIC 541, 542, 545, and 546 and a Privilege Log justifying the redactions.[2] *See* Doc. Nos. 34-1 & 34-2. Some months later on March

---

[1] The parties have briefed the motion and the record reflects their compliance with the "meet and confer" requirement of Local Rule 37-3.04.

[2] The Court assumes that Bates Nos. CIC 545 and 546, as submitted for review, are complete versions of the disputed documents and not simply a partial portion of a longer entry that exists in electronic form. If the documents do not reflect the entire entry in

14, 2014, without first consulting Defendant's counsel, Plaintiff filed this motion asserting among other things that the Privilege Log was inadequate.  On March 16, 2014, Defendant's counsel, in an effort to resolve the parties' ongoing dispute, e-mailed Plaintiff's counsel a more detailed explanation for each of the redactions.  Defendant asserted that the redactions applied to communications protected by the attorney-client privilege, namely, discussions between Defendant's employees around the time that Plaintiff first indicated its intention to litigate the claim, regarding Defendant's decision to refer the claim to its counsel.  *See* Doc. No. 34-3.

The Court denied Plaintiff's March 14, 2014 motion to compel for failure to comply with Local Rule 37-3.04(A).  *See* Doc. No. 32.  After consultation with Defendant, Plaintiff filed the present motion again seeking to compel the disclosure of the redactions in the "log notes" entered in Defendant's claim file on or about April 6, 2011, and April 8, 2011, and bearing Bates Nos. CIC 541, 542, 545, and 546.  Defendant asserts the attorney-client privilege with respect to all of the disputed documents and also claims the protection of the work-product doctrine with respect to Bates No. CIC 541.  The Court thereafter granted the portion of Plaintiff's motion requesting *in camera* review of the un-redacted documents, withholding its ruling on the substance of the motion pending that review.

---

those fields, and other information that may be privileged is reflected in the full field, Defendant must so notify the Court and Plaintiff immediately.

I. **Arguments of the Parties**

In support of its motion, Plaintiff asserts that the Privilege Log fails to satisfy the requirements of Fed. R. Civ. P. 26(b)(5)(A) and that, as a result, Defendant has waived its claim of attorney-client privilege with respect to the documents. In the alternative, citing the importance of the documents to its claim of vexatious refusal to pay, Plaintiff asks the Court to review the documents to assess the validity of Defendant's assertion of the attorney-client privilege. Finally, noting that Defendant also has asserted that the work product doctrine applies to Bates No. CIC 541, Plaintiff contends that the Court nonetheless should compel full disclosure of that document on the ground that Plaintiff has a substantial need for it in light of Plaintiff's claim of vexatious refusal to pay.

Defendant responds that the redacted portions of the notes are subject to the attorney-client privilege and with respect to Bates No. CIC 541, the work product doctrine because they reflect internal discussions regarding its decision to retain or consult counsel after Plaintiff indicated its intention to litigate the unpaid claim. In addition, Defendant asserts that when coupled with the information found in the un-redacted portions of the notes and the additional information it provided to Plaintiff in the March 16, 2014 e-mail, the Privilege Log is sufficient to justify the redactions and that no further disclosure should be required. *See* Doc. No. 34-3.

In the alternative, Defendant asserts that even if the Privilege Log were deemed deficient, such deficiency would not amount to a waiver of its claim of attorney-client privilege. Defendant finally contends that Plaintiff is unable to establish substantial need for the document covered under the work product doctrine, Bates No. CIC 541.

**APPLICABLE LAW**

I. **The Attorney-Client Privilege**

Under Federal Rule of Civil Procedure 26(b)(1) litigants may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Missouri law governs the existence and scope of the attorney-client privilege in this diversity action. Fed. R. Evid. 501; *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). In Missouri, the common law attorney-client privilege has been statutorily codified, Mo. Rev. Stat. § 491.060(3),[3] and the privilege "protects 'any professionally-oriented communication between attorney and client regardless of whether it is made in anticipation of litigation or for preparation for trial.'" *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, No. 4:05 CV 1934 DDN, 2012 WL 1389708, at *7 (E.D. Mo. Apr. 23, 2012) (quoting *State ex rel. Tillman v. Copeland*, 271 S.W.3d 42, 45 (Mo. Ct. App. 2008)).

The privilege does not attach unless the communication involves the attorney and the client and is made to obtain legal advice. *Tillman*, 271 S.W.3d at 45; *see also United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012). "The attorney-client privilege

---

[3] The statute provides:

> The following persons shall be incompetent to testify:
> . . .
> (3) An attorney, concerning any communication made to the attorney by such attorney's client in that relation, or such attorney's advice thereon, without the consent of such client . . . .

Mo. Rev. Stat. § 491.060 (3).

prohibits 'the discovery of confidential communications, oral or written, between an attorney and his client with reference to . . . litigation *pending or contemplated*.'" *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 546 (Mo. Ct. App. 2008) (quoting *State ex rel. Terminal R.R. Ass'n of St. Louis v. Flynn*, 363 Mo. 1065, 1072 (Mo. banc 1953) (emphasis supplied)).

Nonetheless, as Plaintiff correctly notes, merely including counsel among the recipients of a document does not bring the document within the ambit of the attorney-client privilege; the document must be shared in furtherance of the client's solicitation of legal advice. *See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 609 (8th Cir. 1977) (explaining that "the mere receipt of routine reports by the corporation's counsel will not make the communication privileged" and that such communications are "made for independent business reasons"); *Monsanto Co. & Monsanto Tech. LLC v. E.I. Du Pont de Nemours & Co.*, No. 4:09 CV 686 ERW, 2011 WL 4408184, at *2 (E.D. Mo. Sept. 22, 2011) (noting that the "attorney-client privilege does not cover client communications that relate only business or technical data, where the client is not sharing that information in order to solicit legal advice") (internal citation omitted).

Absent voluntary waiver, materials subject to the attorney-client privilege are not discoverable; even if the opposing party can show a substantial need for them and establish that it would suffer undue hardship in acquiring their substantial equivalent. *Lloyd's Acceptance Corp.*, 2012 WL 1389708, at *7 (citing *May Dept. Stores Co. v. Ryan*, 699 S.W.2d 134, 136 (Mo. Ct. App. 1985) (holding that "any professionally

oriented communication between attorney and client is absolutely privileged, in the absence of waiver, regardless of the anticipation of litigation")).

II. **The Work Product Doctrine and Vexatious Refusal to Pay**

Pleading vexatious refusal to pay may, but does not automatically, create a substantial need for an insurer's internal documents. *Lloyd's Acceptance Corp.*, 2012 WL 1389708, at *6 (citing *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 977 (7th Cir. 1996)). However, where, as here, an insured raises a claim of bad faith against an insurer and the insurer makes a claim of privilege, an *in camera* examination is appropriate to verify the validity of the insured's claim of attorney-client privilege. *Id.*; *Henderlong v. Allstate Ins. Co.*, No. 08-CV-01377, 2009 WL 82493, at *2 (D. Colo. Jan. 13, 2009); *Bishelli v. State Farm Mut. Auto. Ins. Co.*, No. 07-CV-00385, 2008 WL 280850, at *2 (D. Colo. Jan. 31, 2008). Because that privilege stands as a complete bar to a plaintiff's ability to obtain the document, the Court should satisfy itself that the claim of attorney-client privilege is proper. *Lloyd's Acceptance Corp.*, 2012 WL 1389708, at *7.

**DISCUSSION**

Upon review of the parties' briefs and exhibits, the Court concludes that the redacted portions of the documents bearing Bates Nos. CIC 541, 542, 545, and 546 are not covered by the attorney-client privilege. Communications among a client's agents or employees about pending litigation are not, without more, subject to the attorney-client privilege. *See Monsanto Co. & Monsanto Tech. LLC,* 2011 WL 4408184, at *2. The communication must involve an attorney and its purpose must be to obtain legal advice.

*Tillman*, 271 S.W.3d at 45. Here, the redacted portions of the documents represent communications about, and a decision by, Defendant's employees to refer this dispute to outside counsel for review and direction. No attorney or his agent was copied on, much less participated in, these communications. In addition, although the communication represents a decision to seek legal advice it is not a request directed to counsel for the purpose of obtaining legal advice. At most it indicates an intention to seek such advice. For these reasons, the Court cannot conclude that the redactions in the documents submitted are subject to protection under the attorney-client privilege.

As noted above, Defendant claims the protection of the work product doctrine with respect to the redacted material in Bates No. CIC 541. Upon review of that document, the Court finds that the redacted material in Bates No. CIC 541 was prepared in anticipation of litigation and with the intention that it be provided to outside counsel. Therefore, the Court concludes that this redaction is protected by the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3).

Documents subject to protection under the work product doctrine are discoverable upon a showing of substantial need. *See id*.; *see also Baker*, 209 F.3d at 1054 (stating that a party may not ordinarily discover documents prepared in anticipation of litigation by an opposing party unless the party seeking discovery has a substantial need for the materials and cannot, without undue hardship, obtain the substantial equivalent of the materials by other means).

Where, as here, an insured alleges a claim of bad faith refusal to pay, the allegations alone are not sufficient to invoke the protection of the work-product doctrine.

*Lloyd's Acceptance Corp.*, 2012 WL 1389708, at *6 (explaining that "[p]leading a vexatious refusal to pay claim does not, *ipso facto*, create a substantial need for an insurer's internal documents") (citing *Logan*, 96 F.3d at 977). Rather, "[t]he plaintiff must demonstrate some likelihood or probability that the documents sought may contain evidence of bad faith." *Id.* at *6 (internal quotation omitted); *see also Henderlong*, 2009 WL 82493, at *2. The required showing is not, however, "'a high hurdle'" and "there need be only 'the possibility, not the certainty' that the documents contain evidence of bad faith in order for an insured to have a substantial need for them in establishing a vexatious refusal to pay claim." *Id.* (quoting *Logan*, 96 F.3d at 977).

Having conducted its *in camera* review, the Court concludes that the relatively low hurdle presented by the "substantial need" requirement in cases of vexatious refusal to pay has been met here. The Court cannot say that there is no "likelihood" or "possibility" that the material sought contains or is "reasonably calculated to lead to the discovery of" evidence of bad faith. *Id.* at *6; *see also* Fed. R. Civ. P. 26(b)(1). In addition, as other courts have noted in similar cases, e-mail communications among an insurer's decision makers may provide valuable information for "'noticing, preparing for, and guiding'" the depositions of such persons and may be the "best evidence of the claims adjusters' mental impressions and opinions from the time surrounding the denial of the claim." *Id.* (quoting *Schwarz & Schwarz v. Certain Underwriters at Lloyd's*, No. 6:07CV00042, 2009 WL 1043929, at *3 n. 10 (W.D. Va. Apr. 17, 2009); *see also Busch Properties, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 4:12CV2318 SNLJ, 2014 WL 2815655, at *5 (E.D. Mo June 23, 2014) (noting that "in a vexatious refusal to

pay claim, the strategy, mental impressions, and opinion of the insurer's agents concerning the handling of the claim are directly at issue") (internal quotation omitted); *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 197 F.R.D. 620, 639 (N.D. Iowa 2000) (ordering disclosure of materials in an insurer's claims file despite assertion of the work product doctrine because "the timing of, and the determination of a basis for, the denial of coverage are essential facts" in a vexatious refusal to pay case). For these reasons, the Court will order the disclosure of the redacted portions of Bates No. CIC 541 despite Defendant's assertion of the work product doctrine. *See Lloyd's Acceptance Corp.*, 2012 WL 1389708, at *6-7.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Compel is **GRANTED**. (Doc. No. 33)

                                                     */s/ Audrey G. Fleissig*
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2014.