# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| OLGA DESPOTIS TRUST, ) | |
| ) | |
| Plaintiff, ) | No. 4:12-CV-2369 RLW |
| ) | |
| v. ) | |
| ) | |
| THE CINCINNATI INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Deposition Testimony Responding to Certified Questions and for Sanctions (ECF No. 42). This matter is fully briefed and ready for disposition.[1]

In the Motion to Compel, Defendant asks the Court to compel answers to certified questions that were asked during the April 18, 2014 deposition of Plaintiff's trustee, Dr. George Despotis. See ECF No. 43 (outlining questions marked as (a)-(g) that Dr. Despotis refused to answer). Dr. Despotis previously testified approximately two years prior to the subject deposition in Cause No. 4:11cv1070, before that action was voluntarily dismissed by Plaintiff. Defendant claims that Dr. Despotis improperly refused to answer questions at his April 18, 2014 deposition on the grounds of relevance and because he had been previously deposed in the prior, dismissed action. Defendant argues that the Court should compel Dr. Despotis' answers because his counsel's objections do not fall within one of the categories under Fed.R.Civ.P. 30(c)(2). See

---

[1] Plaintiff filed its Memorandum in Opposition to Defendant's Motion to Compel Deposition Testimony and Motion for Protective Order ("Opposition"; ECF No. 52). Defendant has not filed a reply in support of its Motion to Compel and the time for filing a reply brief has run. E.D. Mo. L.R. 4.01(C).

Fed. R. Civ. P. 30(c)(2), in relevant part ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)").

Dr. Despotis, however, appeared for the April 18, 2014 deposition with the understanding that he would not be subjected to inquiry regarding matters that had previously been raised at his May 12, 2012 deposition, or that could have been raised at that deposition. See Opposition at 2-3. Rather, Defendant's deposition of Dr. Despotis was limited to new events that occurred after his May 12, 2012 deposition. Plaintiff has shown that Defendant's lines of inquiry were either raised during the May 12, 2012 deposition or that could have been raised at the prior deposition. See Opposition at 4-9 (noting that items (c), (e), (f), and (g) were discussed at the first deposition, and that items (a), (b), and (d) could have been raised at the first deposition).[2] Therefore, the Court finds that Plaintiff's counsel's objections were proper and that Defendant's questions were merely an attempt to obtain a second bite at the apple.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Deposition Testimony Responding to Certified Questions and for Sanctions [42] is **DENIED**.

Dated this 20th day of August, 2014.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[2] To the extent that items (a), (b), and (d) were not raised at any deposition, the Court believes that these lines of inquiry can be adequately addressed through interrogatories addressed to Plaintiff.

- 2 -