# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| OLGA DESPOTIS TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:12-CV-2369 RLW |
| | ) | |
| v. | ) | |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion for Summary Judgment as to Count III of Plaintiff's Complaint (ECF No. 39) and Plaintiff's Motion for Partial Summary Judgment (ECF No. 49). These matters are fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Olga Despotis Trust ("Plaintiff") owned a commercial property which was destroyed by a tornado on December 31, 2010. (Defendant's Statement of Facts in Support of its Motion for Partial Summary Judgment as to Count III of Plaintiff's Complaint ("DSUMF"), ECF No. 41, ¶1; Plaintiff's Statement of Uncontroverted Facts in Support of Motion for Partial Summary Judgment ("PSUMF"), ECF No. 50, ¶50). Plaintiff's property was insured at the time of the tornado by Defendant The Cincinnati Insurance Company ("Defendant") under Policy No. 05EBP0030517 ("the Policy"). (DSUMF, ¶2, PSUMF, ¶2). The Policy provides the following appraisal provision:

Appraisal

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of the written demand for appraisal. The two appraisers will select an umpire. If they cannot agree upon an umpire within 15 days, we or you may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. The umpire shall make an award within 30 days after the umpire receives the appraisers' submissions of their differences. A decision agreed to by any two will be binding. Each party will
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>    If there is an appraisal, we will still retain our right to deny the claim.

(DSUMF, ¶3; PSUMF, ¶3).

Defendant calculated its Actual Cash Value ("ACV") of the loss and paid $813, 931. (DSUMF, ¶4). By a letter dated March 9, 2011, Plaintiff notified Defendant that Plaintiff disagreed with Defendant's calculation of the ACV. (DSUMF, ¶5). By a letter dated April 19, 2011, Defendant advised Plaintiff of its intent to invoke its rights under the appraisal provision. (PSUMF, ¶5). Defendant's April 19, 2011 letter stated, "Cincinnati Insurance will select an appraiser within 10 days of the date of this letter and advise you of same." (PSUMF, ¶6). On April 20, 2011, Plaintiff's counsel sent Defendant a letter rejecting the demand for appraisal and stating that "using the appraisal process to determine the disputed portions of the loss under the Policy is completely unproductive." (DSUMF, ¶7). By letter dated May 2, 2011, Defendant requested that Plaintiff reconsider its position declining to participate in the appraisal process. (DSUMF, ¶8). In a letter dated May 4, 2011, Plaintiff asked Defendant to confirm, in writing, whether Defendant agreed to be bound by the outcome of the appraisal process as described in the policy of insurance. (PSUMF, ¶19). On May 11, 2011, Defendant responded that "the terms and conditions of the appraisal process set forth in the policy of insurance are binding upon both the insured and the insurance company." Plaintiff did not agree to participate in appraisal process.

(DSUMF, ¶9). On May 18, 2011, Plaintiff filed a lawsuit (which was subsequently dismissed). (PSUMF, ¶25). On December 21, 2012, Plaintiff filed this Complaint. (DSUMF, ¶10). Count III of the Complaint was for declaratory judgment regarding the appraisal provision, seeking to have this Court declare that the appraisal provision of the Policy unenforceable because it was vague and ambiguous. (DSUMF, ¶11). In Count III, Plaintiff alleged that the appraisal provision was unenforceable because it states that a decision by any two of the three decisionmakers (the two appraisers and the umpire) is binding but, after an appraisal, Defendant retains the right to deny the claim. (DSUMF, ¶12). Plaintiff also complains that in Defendant's Answer to Plaintiff's Complaint and in Plaintiff's Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories, Defendant did not identify the appraisal process as an affirmative defense. (PSUMF, ¶¶7-11).

Tore Swanson, Associate Manager, Property Claims for Defendant, testified that Defendant did not select an appraiser under the terms of the appraisal provision. (PSUMF, ¶¶12-15). Defendant's employee, Mr. Redick, supervised Plaintiff's claims. (PSUMF, ¶16). Mr. Redick testified that Defendant did not select an appraiser under the terms of the appraisal provision. (PSUMF, ¶¶17-18). Plaintiff was not notified of Defendant's selection of an impartial appraiser by May 9, 2011, which was 20 days after the date of Defendant's April 19, 2011 letter. (PSUMF, ¶¶20-21).

## **SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986);

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## **DISCUSSION**

In this case, the parties have filed competing motions for summary judgment seeking declaratory judgment regarding the enforceability of the appraisal provision of the Policy as alleged in Count III of Plaintiff's Complaint. As stated, the parties dispute the amount of money payable under the Policy for damage to Plaintiff's commercial property.

A. The Parties' Briefing

Defendant argues that it is entitled to summary judgment on Count III because Plaintiff failed to comply with the appraisal provision of the Policy. Defendant contends that the appraisal provision is clear and unambiguous. The language of the Policy provides that "The two appraisers will select an umpire…[and] the appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. The umpire shall make an award within 30 days after the umpire receives the appraisers' submissions of their differences. A decision of any two will be binding." Defendant contends that an ambiguity is not created simply because there is a possibility that an umpire could come to a determination with which both parties disagree and then the umpire's decision would not be binding. (ECF No. 40 at 7).

Likewise, Defendant contends that retaining its ability to deny Plaintiff's claim does not give rise to an ambiguity. (ECF No. 40 at 8-9). Defendant contends that this provision simply means that the insurer does not waive its rights to deny a claim based upon a defense or an exclusion to coverage because an appraisal is conducted.

Plaintiff, on the other hand, argues that Defendant cannot invoke the appraisal provision because it did not comply with its own appraisal provision. Plaintiff admits that the parties disagreed over the amount of the loss and that Defendant's April 19, 2011 letter stated that it would "serve as Cincinnati Insurance's written demand for appraisal of the disputed portions of the loss." Plaintiff argue that Defendant, however, failed to notify Plaintiff of its designated appraiser as outlined in the April 19, 2011 letter and required in the Policy. *See* April 19, 2011 letter ("Cincinnati Insurance will select an appraiser within 10 days of the date of this letter and advise you of same"), ECF No. 50-5; Policy at 36-37, ECF 50-2 ("each party will select a

competent and impartial appraiser"). Plaintiff cites to testimony of Tore Swanson, Associate Manager, Property Claims for Defendant and his supervisor, Mr. Swanson, who both stated that Defendant did not engage an appraiser for this dispute. (ECF No. 51 at 5-6). Because Defendant has never fully complied with the appraisal provision by appointing an appraiser, Plaintiff claims that Defendant waived its rights under the appraisal provision. (ECF No. 51 at 7).

In the alternative, Plaintiff argues that Defendant is estopped from asserting any defense under the appraisal provision (ECF No. 51 at 8-9). Plaintiff claims that until the filing of Defendant's motion for partial summary judgment, Plaintiff had "no notice that [Defendant] intended to proceed under the appraisal clause." (ECF No. 51 at 9). Plaintiff maintains that it has incurred attorneys' fees in excess of $275,000 based upon its reliance that Defendant had relinquished any right under the appraisal process by failing to comply with that provision and name an appraiser. Plaintiff claims that Defendant's attempt to compel the parties to the appraisal process and stay this litigation is "inconsistent" with Defendant's prior actions. (*Id.*) Plaintiff argues that "[u]ntil filing this motion for partial summary judgment, [Defendant] had never raised the claimed entitlement to stay this action and compel Plaintiff to submit to the 'appraisal process.'" (ECF No. 66 at 6). Plaintiff maintains that Count III of the Complaint only requested a finding that the appraisal process was vague and ambiguous. (*Id.* (citing Complaint, Count III)).[1] Plaintiff states that Defendant would need to allege and prove that it has complied with the appraisal provision in order for the Court to compel appraisal. (*Id.*)

Plaintiff contends that the appraisal provision was unconscionable because it requires that each party pays its chosen appraiser and split the cost of the appraisal and umpire equally. (ECF

---

[1] Although Plaintiff contends that Count III only alleges that the appraisal provision is vague and ambiguous, Plaintiff never argues that Count III is vague and ambiguous in its Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment. (ECF No. 51).

No. 46 at 6-8). Plaintiff asserts that the requirement that it pay part of the appraisal costs deprives Plaintiff of its rights under the vexatious refusal statute. *See* ECF No. 46 at 8 (citing Mo.Rev.Stat. §375.420; *Whitney v. Alltel Commc'ns, Inc.*, 17. S.W. 3d 300, 309 (Mo. Ct. App. 2005) ("the arbitration provision in the case at bar prohibited class actions and required the customer to bear the costs of arbitration, thereby limiting [plaintiff] and other customers to a forum where the expense of pursuing most claims related to incorrect billing would far exceed the amount in controversy. In addition, the contract contained a provision which prohibited an award of any incidental, consequential, punitive, or exemplary damages as well as attorneys' fees."). Plaintiff also states that the appraisal provision is unconscionable because the appraisal provision provides that Defendant shall retain its right to deny Plaintiff's claim even after the appraisal. (ECF No. 46 at 8-9 (citing Policy at 36). Plaintiff also maintains that the appraisal provision is unconscionable because it will not be binding in the event that the umpire does not agree with one of the appraisers. Plaintiff claims that these provisions are "manifestly unequal" because it provides Defendant with a means to avoid the appraisal if it does not agree with the outcome and adds unreasonable expense upon Plaintiff. (ECF No. 46 at 9).

Plaintiff further contends that the appraisal clause is inapplicable because the dispute is not limited solely to cash value. (ECF No. 46 at 9-10). Plaintiff points out that the appraisal provision applies only if the disagreement is related to "the value of the property or amount of loss[.]" (Policy at 36). Plaintiff argues that the disagreement here relates to Defendant's breach of the Policy by filing to give timely notice of its intention to either "Pay the cost of repairing or replacing the lost or damaged property" or to "repair, rebuild or replace the property with other property of like kind and quality." (ECF No. 46 at 10). Because the parties dispute more than just the structure's value, Plaintiff asserts that this disagreement extends beyond the scope of the

appraisal provision and it is inapplicable. (*Id.* (citing *Hawkinson Tread Tire Serv. Co. v. Indiana Lumbermens Mut. Ins. Co. of Indianapolis, Ind.*, 245 S.W.2d 24, 26 (1951) for the proposition that where the dispute includes application of law and fact, the appraisal provision is inapplicable).

Plaintiff also asserts that Defendant has unclean hands because it should not be permitted to engage in "opportunistic behavior" by capitalizing on its failure to name an appraiser yet seek to compel the parties to participate in the appraisal process. (ECF No. 46 at 11). Finally, Plaintiff states that Defendant cannot obtain declaratory judgment because its claim is barred by laches in that Defendant has chosen to wait over three years to assert its right to under the appraisal process. (ECF No. 46 at 11-12).

B.  Discussion

It is well settled the interpretation of an insurance policy is a question of law. *Council Tower Ass'n v. Axis Specialty Ins. Co.,* 630 F.3d 725, 728 (8th Cir. 2011) (citing *Seeck v. Geico Gen. Ins. Co.,* 212 S.W.3d 129, 132 (Mo. banc 2007)). Applying the rules of construction is unnecessary when a provision is clear and written, unless a statute or public policy dictates otherwise. *Council Tower Ass'n,* 630 F.3d at 728 (citing *Cincinnati Ins. Co. v. Bluewood, Inc.,* 560 F.3d 798, 802 (8th Cir.2009)). Where language used in an insurance contract is unambiguous, all terms are given their plain, ordinary, and usual meaning. *Moore v. Commercial Union Ins. Co.,* 754 S.W.2d 16, 18 (Mo. Ct. App.1988); *Shahan v. Shahan,* 988 S.W.2d 529, 535 (Mo. 1999). "The plain or ordinary meaning is the meaning that the average layperson would understand." *Shahan,* 988 S.W.2d at 535.

1.  Failure to Name Appraiser Not Fatal

Plaintiff is asking this Court to excuse compliance with the appraisal provision because Defendant failed to name an appraiser after Plaintiff notified Defendant that it would not participate in the arbitration process. Generally, a party is not required to perform a futile act. *See Republic Eng'g & Mfg. Co. v. Moskovitz*, 376 S.W.2d 649, 658 (Mo. Ct. App. 1964) ("a court of equity would not require a futile act"). Plaintiff failed to comply with the appraisal process outlined in the Policy prior to Defendant's alleged failure to name an appraiser. Under the circumstances presented here, the Court does not find Defendant's failure to name an appraiser obviates the appraisal requirement because Plaintiff expressly stated its intention not to participate in the appraisal.

2. Appraisal Provision is Not Vague and Ambiguous

The Court holds that the language of the appraisal provision in the Policy is clear and unambiguous. An ambiguity is not created simply because there is a possibility that an umpire could come to a determination with which both parties disagree and then the umpire's decision would not be binding. Likewise, the Policy is not ambiguous because Defendant retains its ability to deny Plaintiff's claim after the appraisal based upon the Policy terms and defenses. The Policy provision simply means that the insurer does not waive its rights to deny a claim based upon a defense or an exclusion to coverage because an appraisal is conducted.

3. Unconscionability

The Court also finds that the appraisal provision is not unconscionable. Plaintiff fails to provide any legal support for the position that the Policy provision, which required each party to pay for its own appraiser and bear the other expenses and the cost of the appraisal equally, was unconscionable or violates Missouri's vexatious refusal statute, §375.420, R.S. Mo. *See* Section 375.420, R.S. Mo. ("In any action against any insurance company to recover the amount of any

loss under a policy…, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict"). The vexatious refusal statute merely provides additional monetary recovery in addition to the amount of the loss. The Court finds that the appraisal provision is not unconscionable because it divides the cost of the appraisal equally and does not put the put all of the costs on Plaintiff and because it does not take away any of Plaintiff's rights under § 375.420. *Cf. Whitney v. Alltel Commc'ns, Inc.*, 173 S.W.3d 300, 313 (Mo. Ct. App. 2005)(holding a contract that "contained a provision which prohibited an award of any incidental, consequential, punitive, or exemplary damages as well as attorneys' fees" to be unconscionable); *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 859 (Mo. 2006)(arbitration clause is unconscionable because it places all costs of the arbitration on the consumer).

The Court also holds that the appraisal provision is not unconscionable, nor is it manifestly unequal, even though Defendant retains the right to deny the claim. The Court notes that the appraisal process is binding on both parties, and that this provision simply provides that Defendant does not waive its defenses by participating in the appraisal. The Court does not find this provision to be unconscionable because both parties are bound by the appraisal process and Defendant cannot unilaterally avoid the appraisal provision. *See also Garvin v. Acuity*, 3:11-CV-05105-BCW, 2012 WL 5197223, at *3 (W.D. Mo. Oct. 19, 2012)(upholding the appraisal

provision, which provides that "[i]f there is an appraisal, we will still retain our right to deny the claim.").[2]

4. Dispute is Limited to Value

Further, the Court finds that the appraisal provision applies because the central issue in this case is a dispute over damages. Plaintiff argues that a dispute exists as to law and fact and the appraisal provision is inapplicable. *See* ECF No. 46 at 10 (citing *Hawkinson Tread Tire Serv. Co.*, 245 S.W.2d at 28). In *Hawkinson Tread Tire Serv. Co.*, the Court determined that the dispute as to the amount of loss was "incidental to the actual underlying (legal) controversy between the parties as to the meaning of the insurance contract and its application to the facts[.]" 245 S.W.2d at 28. Here, however, the value of the loss is central to the dispute between the parties and the appraisal provision is valid and enforceable.

5. Equitable Defenses Do Not Bar Application of the Appraisal Provision

The Court also holds that the doctrines of waiver, unclean hands, and laches also do not bar application of the appraisal provision.

First, the Court does not believe that Defendant is barred from enforcing the appraisal provision based upon Defendant's alleged waiver of the right to pursue the appraisal provision. Under Missouri law, waiver is "the intentional relinquishment of a known right." *Shahan,* 988 S.W.2d at 534. "If waiver is implied from conduct, the conduct must clearly and unequivocally show a purpose to relinquish the right." *Smith v. Progressive Cas. Ins. Co.,* 61 S.W.3d 280, 284

---

[2] The Court also notes that Plaintiff cites to cases relating to arbitration provisions. Courts, however, distinguish between arbitration and appraisal provisions. *See, e.g., Hawkinson Tread Tire Serv. Co.*, 245 S.W.2d at 28 ("There is the distinction recognized in this state [Missouri] between clauses providing for *arbitration*, whereby parties seek to substitute tribunals other than courts to determine their entire controversy, and clauses providing for the simple *appraisal* of values[.]")(emphasis in original).

(Mo. Ct. App. 2001) (internal quotation marks and citation omitted). "Estoppel, which is a highly disfavored equitable remedy by Missouri courts, arises 'from the unfairness of permitting a party to belatedly assert rights if he knew of those rights but took no steps to enforce them until the other party has, in good faith, become disadvantaged by changed conditions.'" *TAMKO Bldg. Products, Inc. v. Factual Mut. Ins. Co.*, 890 F. Supp. 2d 1129, 1139 (E.D. Mo. 2012)(quoting *Stenger v. Great S. Sav. & Loan Ass'n,* 677 S.W.2d 376, 383 (Mo. Ct. App. 1984)). Plaintiff asserts that Defendant intentionally and voluntarily chose not to comply with its "affirmative statement" that it would notify Plaintiff of its appraiser within ten days of Defendant's April 19, 2011 letter. (ECF No. 66 at 5). As previously discussed, the Court finds that Defendant did not name an appraiser because Plaintiff declined to participate in the appraisal process and naming an appraiser would have been a futile act. Defendant's failure to name an appraiser did not constitute a waiver because there is no evidence that Defendant purposefully relinquished its right to an appraisal. Rather, Defendant invoked the appraisal provision and pursued that remedy until Plaintiff filed this lawsuit which put the enforceability of the appraisal provision at issue. Plaintiff has not shown that Defendant voluntarily chose not to comply with the appraisal provision, and the Court finds that waiver does bar enforcement of the appraisal provision in this case.

Similarly, the Court finds that Defendant does not have unclean hands because it failed to name an appraiser. *See E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 269 (D. Minn. 2009)("Unclean hands is an equitable defense which prevents a party from maintaining a suit in equity."); *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.,* 324 U.S. 806, 814–15 (1945)("[Unclean hands] is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks

relief, however improper may have been the behavior of the defendant," and thus, "while 'equity does not demand that its suitors shall have led blameless lives' as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue."); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1985, 188 L. Ed. 2d 979 (2014)("The gravamen of laches is the plaintiff's unreasonable delay, and the consequent prejudice to the defendant."). Based upon Plaintiff's representation that it would not participate in the appraisal, the Court does not find that Defendant's failure to name an appraiser was an act of bad faith. Defendant seeks to have Plaintiff participate in an appraisal where the cost of the appraisal would be borne equally by both parties and where both parties would be bound by the determination. The Court finds no inequity and that application of the appraisal provision would not be barred by unclean hands.

In addition, the Court holds that laches does not apply to this case. "In order for laches to apply, (1) a plaintiff must have unreasonably and inexcusably delayed commencing his action and (2) the defendant must have suffered prejudice as a result." *Axcan Scandipharm Inc. v. Ethex Corp.*, 585 F. Supp. 2d 1067, 1081 (D. Minn. 2007)(citing *Midwestern Mach. Co. v. Nw. Airlines, Inc.*, 392 F.3d 265, 268, 277 (8th Cir. 2004)). Plaintiff contends that Defendant unreasonably waited three (3) years to assert its rights under the appraisal provision. The undisputed facts, however, indicate otherwise. On April 19, 2011, Defendant made a demand that Plaintiff participate in an appraisal of the property. A day later, Plaintiff refused to participate in the appraisal process because it was "unproductive." Later, Plaintiff asked for an assurance that both sides would be bound by any appraisal determination. Defendant informed Plaintiff that the appraisal would be binding, save any applicable defenses, and Plaintiff then chose to file suit on May 18, 2011. Plaintiff claims that it has incurred substantial time and legal

fees in pursuing this action, which justifies application of the laches defense. However, the Court finds that any delay in application of the appraisal provision was brought about by Plaintiff's own pursuit of this litigation instead of agreeing to the appraisal, as required by the Policy. Based upon the facts of this case, the Court finds that the appraisal provision is not barred by laches. *See Roederer v. J. Garcia Carrion, S.A.*, 569 F.3d 855, 858 (8th Cir. 2009)(quoting *Garrett v. Gen. Motors Corp.*, 844 F.2d 559, 562 (8th Cir. 1988))("'Whether laches should be applied depends upon the facts of the particular case....'").

      6. Defendant Was Not Required to Raise the Appraisal Provision as an Affirmative Defense

Finally, the Court finds that Defendant was not required to raise the appraisal provision as an affirmative defense because the enforceability of the appraisal provision was raised in Count III of Plaintiff's own complaint. "The purpose of the pleading requirement for affirmative defenses in Rule 8(c) 'is to give the opposing party notice of the plea of [the affirmative defense] and a chance to argue, if he can, why the imposition of [the affirmative defense] would be inappropriate.'" *Red Deer v. Cherokee Cnty., Iowa*, 183 F.R.D. 642, 650 (N.D. Iowa 1999) (quoting *Blonder–Tongue Lab. v. University of Illinois Found.*, 402 U.S. 313, 350 (1971)); *Brunswick Leasing Corp. v. Wisconsin Cent., Ltd.*, 136 F.3d 521, 531 (7th Cir. 1998)("the purpose of Rule 8(c) is to avoid surprise and undue prejudice to the plaintiff by providing [it] notice and the opportunity to demonstrate why the defense should not prevail")(internal quotation omitted). Here, Plaintiff clearly was aware of the facts supporting the affirmative defense and on notice regarding its application to this case because Plaintiff pleaded the enforceability of appraisal provision in Count III of its Complaint. Plaintiff cannot feign surprise or prejudice due to Defendant's purported failure to plead the appraisal provision as a separate affirmative defense. Thus, under the particular facts of this case, the Court finds that Plaintiff's

claim in Count III for declaratory judgment regarding the appraisal provision sufficiently put Plaintiff on notice that the enforceability of the appraisal provision was at issue.

## CONCLUSION

Based upon the foregoing, the Court grants Defendant's Motion for Partial Summary Judgment as to Count III of Plaintiff's Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment as to Count III of Plaintiff's Complaint [39] is **GRANTED**. Plaintiff's Motion for Partial Summary Judgment [49] is **DENIED**. The parties shall participate in the appraisal provision as outlined in the Policy.

**IT IS FURTHER ORDERED** that this action is **STAYED** to allow the parties to pursue an appraisal of Plaintiff's property. The parties shall submit a joint status report within ninety (90) days to the Court.

Dated this 17th day of October, 2014.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**