UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLGA DESPOTIS TRUST,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>THE CINCINNATI INSURANCE,  )<br>COMPANY,  )<br>)<br>Defendant.  ) | Case No. 4:12CV2369 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint and Suggestions in Support (ECF No. 105). The May 1, 2013 deadline for filing amended pleadings was established in this Court's Case Management Order. (ECF No. 6). Plaintiff seeks to add claims for Breach of Implied Duty of Good Faith and Fair Dealing (Count IV) and for Declaratory Judgment that policy provisions that required replacement of a building within two years should be tolled (Count V). Further, Plaintiff's proposed amended complaint changes the theory of recovery in Count I.

Defendant claims that amendment of Count IV would be futile because, under Missouri law, a claim for Breach of Implied Duty of Good Faith and Fair Dealing is not available in the first-party insurance context, *i.e.*, where an insured has filed suit against its insurance company. (ECF No. 110 at 2 (citing *Easter v. Farmers Ins. Co.*, No. 13-3412-CV-S-REL, 2014 WL 1237161, at *3 (W.D. Mo. Mar. 26, 2014) ("Missouri law prohibits a claim by an insured against an insurance company for breach of good faith and fair dealing.")). Defendant further argues that Plaintiff previously abandoned its intent to replace the building. (ECF No. 110 at 3). Finally, Defendant asserts that changing Plaintiff's theory of recovery in Count I from "anticipatory breach" to a claim that Defendant was obligated to rebuild the property is prejudicial. (ECF No.

110 at 3-4). Defendant notes that Plaintiff now seeks damages for the speculative loss of an alternative investment/development undertaken by Plaintiff using the funds initially paid to it. (ECF No. 105-3, ¶78(a-f)). Defendant maintains that Plaintiff previously refused to answer questions related to these new damages claims in depositions, and Defendant claims it would be prejudiced by trying to defend such a claim now. (ECF No. 110 at 4).

In turn, Plaintiff argues that it has met the standards of both Rule 15 and 16 for amendment of the complaint out of time. (ECF No. 105, ¶25; ECF No. 113 at 5). Plaintiff claims that the Amended Complaint seeks "only to confirm the pleadings to the evidence adduced to date, and to clarify the issues to be presented at trial." (ECF No. 105, ¶23). Plaintiff admits that the claims for Breach of the Duty of Good Faith and Fair Dealing have not been permitted. (ECF No. 113 at 1). Plaintiff, however, argues that it alleged in the original complaint that it was seeking replacement cost for the building. (ECF No. 113 at 2-3). Finally, Plaintiff states that there is "sufficient time for Defendant to explore these issues" related to their new damages claim, if such discovery is necessary. (ECF No. 113 at 5).

"A decision whether to allow a party to amend her complaint is left to the sound discretion of the district court[.]" *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). Here, Plaintiff fails to explain what caused this extremely long and prejudicial delay in filing these new claims. Plaintiff's "failure to recognize the need for amended claims at an earlier date [does] not constitute good cause to excuse the untimeliness of his motion to amend." *Schenk v. Chavis*, 259 F. App'x 905, 907 (8th Cir. 2008). The Court agrees that Plaintiff's amended complaint would require additional discovery that would necessarily delay resolution of this already extremely protracted litigation. The Court finds that this unexcused delay would unduly prejudice Defendant because of the advanced nature of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint and Suggestions in Support (ECF No. 105) is **DENIED**.

Dated this 8th day of December, 2015.

　　　　　　　　　　　　　　　　　　　/s/ Ronnie L. White
　　　　　　　　　　　　　　　　　　　RONNIE L. WHITE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE