UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLGA DESPOTIS TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV2369 RLW |
| | ) |
| THE CINCINNATI INSURANCE, | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Alter or Remand (ECF No. 144). This matter is fully briefed and ready for disposition. Plaintiff moves to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

**STANDARD OF REVIEW**

A district court has broad discretion in determining whether to grant a motion to alter or amend judgment. Fed. R. Civ. P. 59(e); *see also United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (internal quotes omitted). The purpose of Rule 59 is to allow the district court "the power to rectify its own mistakes in the period immediately following the entry of judgment." *Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996), quoting *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). A Rule 59(e) motion to alter or amend the judgment must show: "1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law

1

or prevent manifest injustice." *Bannister v. Armontrout,* 807 F.Supp. 516, 556 (W.D.Mo.1991), *aff'd,* 4 F.3d 1434 (8th Cir.1993).

Importantly, a motion to reconsider "cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment." *Garner v. Arvin Indus. Inc.,* 77 F.3d 255, 258 (8th Cir.1996); *see also Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988) (stating that a Rule 59(e) motion should not "serve as the occasion to tender new legal theories for the first time")(internal quotes omitted); *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir.1998) (Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment").

## DISCUSSION

Plaintiff has not alleged any manifest error of law or fact. Rather, Plaintiff has simply attempted to "reargue the merits of the case." *U.S., ex rel. Roop v. Hypoguard USA, Inc.,* No. 07-1600 ADM/AJB, 2007 WL 4224074, at *1 (D. Minn. Nov. 27, 2007) (citing *Broadway v. Norris,* 193 F.3d 987, 989-990 (8th Cir.1999)). "Rule 59(e) does not afford an opportunity to rehash or re-frame issues upon which the Court has already ruled." *Indiana Lumbermens Ins. Co. v. PrimeWood, Inc.,* No. A3-97-03, 1999 WL 33283337, at *1 (D.N.D. Apr. 9, 1999). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Dille v. Renaissance Hotel Mgmt. Co.,* LLC, No. 4:10CV1983 TIA, 2012 WL 5866630, at *1 (E.D. Mo. Nov. 19, 2012) (citing *Oto v. Metro. Lif Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000)).

Likewise, Plaintiff's motion fails to present any newly discovered evidence or arguments. "A Rule 59(e) motion is not a vehicle to introduce new evidence, tender new legal theories, or raise

2

arguments that could have been offered or raised before the Court entered judgment." *U.S., ex rel. Roop v. Hypoguard USA, Inc.*, 2007 WL 4224074, at *1 (D. Minn. Nov. 27, 2007).

"Thus, Plaintiffs' arguments are not persuasive, and they do not raise any additional issues that have not already been considered." *Dille*, 2012 WL 5866630, at *2. Upon review of these files, the Court finds no "manifest errors of law," and stands on its earlier rulings and reasoning therein. *See ProGrowth Bank, Inc. v. Wells Fargo Bank, N.A.*, No. CIV. 07-1577DWFAJB, 2007 WL 4322002, at *2 (D. Minn. Dec. 5, 2007) ("Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Remand (ECF No. 144) is **DENIED**.

Dated this 18th day of April, 2016.

                                                         /s/ Ronnie L. White
                                                         RONNIE L. WHITE
                                                         UNITED STATES DISTRICT JUDGE